MADDOX, Justice.
This case involves a single issue: Did the trial judge abuse his discretion in refusing the plaintiffs discovery request? Although we hold that the trial court did not err in denying the plaintiffs initial request, we also recognize that the plaintiff was entitled to a portion of the discovery he requested.
This petition for the writ of mandamus arises out of an action alleging retaliatory discharge, filed by Stanley Dwayne Belk against Dunlop Tire Corporation, pursuant to § 25-6-11.1, Ala.Code 1975.
Belk says that he filed, on or about January 25, 1993, a workers’ compensation claim against Dunlop; that he returned to work in September 1994; that the claim was settled in November 1994; and that he was terminated in December 1994 upon Dunlop’s assertion that he was physically unable to perform the work. Belk then filed this action alleging retaliatory discharge.
Belk’s mandamus petition grows out of the trial judge’s order sustaining Dunlop’s objection to Belk’s “Notice of Intent to Serve Subpoena on Nonparty” (Royal Insurance Company), for production of “any and all records, documents, or writing of whatever kind or nature related to Stanley Dwayne Belk.” Royal is the workers’ compensation insurance carrier for Dunlop.
Dunlop’s objection was based on the ground that the subpoena: (1) sought documents subject to the attorney-client privilege, (2) sought documents protected from discovery under the work product doctrine, and (3) was overly broad and sought discovery of information that was not relevant to any issue in the case and was not reasonably calculated to lead to the discovery of admissible evidence.
In his petition and his brief in support thereof, Belk argues that Dunlop is asserting that he was terminated because he was physically incapable of performing work at Dunlop’s plant. Although Belk originally requested “any and all records, documents, or writing of whatever kind or nature related to Stanley Dwayne Belk,” he now contends that he only wants a “workers’ compensation posting report.” Belk alleges that Royal maintains such a report. Belk contends that this document will show that at the time of his discharge Dunlop had knowledge that he was capable of working, and will show that he was discharged because he filed a workers’ compensation claim, and not for the reason stated by Dunlop.
Belk now concedes that his initial request was overbroad; therefore, we agree that the trial judge properly sustained Dun-lop’s objection to that initial request. Belk has now narrowed his request substantially. We believe Belk would be entitled to see what he is now asking to see: any records that evidence a knowledge on the part of Dunlop that Belk had the capacity to work *1388 and that would tend to contradict the stated reason for his discharge. We believe that, as narrowed, Belk’s request is proper and reasonable and should be granted. See Ex parte Royal Globe Ins. Co., 428 So.2d 634 (Ala.1983).
We grant the petition insofar as it pertains to nonprivileged records relating to the knowledge Dunlop might have had about Belk’s capacity to work.
PETITION GRANTED IN PART.
HOOPER, C.J., and SHORES, KENNEDY, and COOK, JJ., concur.